ISRAEL A. SIMON, Respondent, Appellant, *v.* THE PULLMAN COMPANY, Appellant, and THE PENNSYLVANIA RAILROAD COMPANY, Respondent.

Supreme Court, Appellate Term, First Department, May 5, 1926.

Evidence — res gestæ — action to recover value of luggage given to Pullman porter for delivery to "Red Cap" in Pennsylvania Railroad Station — plaintiff's testimony that "Red Cap" said only three bags were delivered to him inadmissible as part of res gestæ — statement not within scope of Red Cap's employment.

In an action to recover the value of a piece of luggage which plaintiff claims his wife, on arriving at the Pennsylvania Station in New York city on a Pullman, directed the Pullman porter to give to a "Red Cap" employed in the Pennsylvania Railroad Station, together with three other pieces of luggage, for delivery to plaintiff in the station restaurant, it was reversible error to permit plaintiff to testify to a statement purported to have been made by the "Red Cap," who was not called as a witness on the trial, to the effect that "all that was given to him were the three bags that he carried," for the reason that said statement was inadmissible either as part of the *res gestæ* or as an admission by an agent within the scope of his employment.

APPEAL by defendant, Pullman Company from a judgment of the Municipal Court, Borough of Manhattan, First District, entered against it in favor of plaintiff for $225.10, after trial by a judge without a jury.

Appeal is also taken by plaintiff from the judgment dismissing the complaint as to the defendant Pennsylvania Railroad Company.

*Alexander & Green* [*Edward W. Bourne* of counsel], for the appellant Pullman Company.

*Almy, Van Gordon & Evans* [*William S. Evans* of counsel], for the respondent, appellant.

*O'Brien, Boardman, Parker & Fox* [*Curt V. Boetticher, Jr.*, of counsel], for the respondent the Pennsylvania Railroad Company.

PER CURIAM. Plaintiff was a passenger on a Pullman car arriving at the Pennsylvania Station. Plaintiff had four pieces of baggage which his wife told the Pullman porter to give to a " Red Cap " (a Pennsylvania railroad employee) to carry to plaintiff at the station dining room. When the " Red Cap " arrived he had only three pieces of baggage.

At the trial the Pullman porter testified that four pieces of baggage were handed over to the " Red Cap." Over objections of the defendant Pullman Company, plaintiff was permitted to give the hearsay statement of the " Red Cap," who was not called, to the effect that " all that was given him were the three bags that he carried." Appellant Pullman Company excepted, and the propriety of this testimony is the chief point involved on this appeal.

The testimony was inadmissible either as part of the *res gestæ* or as an admission by an agent within the scope of his employment. Since the judgment must have been based on this testimony, the error was so prejudicial as to demand a reversal.

Judgments reversed and new trial ordered, with thirty dollars costs to plaintiff against the Pennsylvania Railroad Company to abide the event, and thirty dollars costs to the Pullman Company against plaintiff to abide the event.        .

All concur; present, BIJUR, DELEHANTY and WAGNER, JJ.